IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 20-29 |
| | ) | UNDER SEAL |
| COREY P. POLLARD | ) | |
| KIRK L. PRICE | ) | |

FILED
JAN 28 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Conspiracy<br>From in or around November, 2019, to on or about January 21, 2020 | 18 U.S.C. § 371 | BOTH |
| 2 | Interstate Transportation of Stolen Motor Vehicles<br>On or about November 24, 2019 | 18 U.S.C. §§ 2 and 2312 | BOTH |

### II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That two or more persons agreed to commit an offense against the United States, as charged in the Indictment.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged coconspirator to achieve those objectives.

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the conspiracy.

Third Circuit Model Criminal Jury Instruction No. 6.18.371A

**B.     As to Count 2:**

In order for the crime of Interstate Transportation of Stolen Motor Vehicles, in violation of 18 U.S.C. §§ 2 and 2312, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant transported or caused to be transported, in interstate commerce, a motor vehicle, as defined in 18 U.S.C. § 2311.

2. That the motor vehicle had been stolen.

3. That the defendant knew that the motor vehicle had been stolen when he transported the motor vehicle in interstate commerce.

Authority: Title 18, United States Code, Section 2312; United States v. Spoone, 741 F.2d 680 (4th Cir. 1984), cert. denied, 469 U.S. 1162 (1984).

### III. PENALTIES

**A.     As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. The maximum penalties for individuals are:

    (a)     imprisonment for not more than five (5) years (18 U.S.C. § 371);

    (b)     a fine not more than the greater of;

        (1)     $250,000 (18 U.S.C. § 3571(b)(3));

or

            (2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

        (c)     a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

        (d)     Any or all of the above.

**B.     As to Count 2: Interstate Transportation of Stolen Motor Vehicles (18 U.S.C. §§ 2 and 2312):**

    1.  The maximum penalties for individuals are:

        (a)     imprisonment of not more than 10 years (Title 18 U.S.C. § 2314);

        (b)     a fine not more than the greater of;

            (1)     $250,000, Title 18 U.S.C. § 3623(a)(3);

                    or

            (2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process. Title 18 U.S.C. § 3623(c)(1);

        (c)     a term of supervised release of not more than three (3) years. Title 18 U.S.C. § 3583;

        (d)     Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to each count, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568