IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-29 |
| | ) |
| COREY P. POLLARD | ) |

### MEMORANDUM OPINION and ORDER

Defendant Corey P. Pollard has filed a "Notice of Motion and Motion to Disclose Indicting Panel's (Grand Jury) Record of Proceedings." ECF No. 234. The government has filed a response opposing the motion. ECF No. 238. For the reasons explained below the Motion will be denied.

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989). A defendant may be entitled to review grand jury testimony after a witness "testified on direct examination at trial if their grand jury testimony was related to the subject matter of their trial testimony." United States v. Jackson, 363 F. App'x 159, 161 (3d Cir. 2010) (citing 18 U.S.C. § 3500(e)); United States v. Wong, 78 F.3d 73, 83 (2d Cir.1996); and United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir.1972)). In addition, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other condition that it directs - of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Proc. 6(e)(3)(E)(ii). Finally, [t]o support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest

in secrecy." McDowell, 888 F.2d at 289 (citing, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1957).

Mr. Pollard asserts that he has shown a particularized need for disclosure of the following Grand Jury material. The testimony of all witnesses, statements by the the Grand Jury by the Assistant United States Attorney, instructions as to the elements of the offenses charged given to the Grand Jury, any colloquy between the Assistant United States Attorney and members of the Grand Jury, any colloquy between members of the Grand Jury and any witness to include all questions and answers. Mr. Pollard's stated "particularized need," is that he requires such materials in order to adequately cross-examine prosecution witnesses.[1]

Mr. Pollard's motion for essentially all Grand Jury materials is premature. As he explains, he wants the material to adequately cross-examine government witnesses, but no such witnesses have been tendered for direct examination at this time. A defendant may be entitled to a specific witness's grand jury testimony only after said witness has testified on direct examination, "and the grand jury testimony was related to the subject matter of their trial testimony." Jackson, 363 F. App'x at 161. The government indicates that it understands its obligations under the Jencks Act and intends to provide Mr. Pollard with Grand Jury

---

[1] Mr. Pollard also states a myriad of reasons that purport to support his Motion but are in fact arguments that he may not be guilty of the charged offenses. For example, he claims that someone else may have posed as him, that his identity has been mistaken in surveillance, that the charges are based on unverifiable surveillance and uncorroborated testimony. He also mentions "out of court conversations" that allegedly occurred between law enforcement and cooperating witnesses. Finally, Mr. Pollard's reliance on Dennis v. United States is misplaced. 384 U.S. 855 (1966). In Dennis, the trial court had denied a defense request for Grand Jury testimony of witnesses who had already testified at trial, whereas here Mr. Pollard's request is made before the government has identified its witnesses. In addition, in Dennis, the government had admitted that the arguments in favor of disclosure were persuasive and that the need for secrecy minimal. Id. at 872.

transcripts of any witness who will testify at trial and who also provided testimony to the Grand Jury.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 21st day of March 2022, it is hereby ORDERED that Defendant's Notice of Motion and Motion to Disclose Indicting Panel's (Grand Jury) Record of Proceedings is DENIED.

                                                    _____
                                                    Marilyn J. Horan
                                                    United States District Court Judge

cc:    Corey P. Pollard, pro se
        5421 Lynx Lane
        Ste #139
        Columbia, MD 21044

        Dennis Hairston, pro se
        USMS # 50963-037
        NEOCC
        2240 Hubbard Road
        Youngstown, OH  44505