IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No.  20-29 |
| ) | |
| COREY POLLARD    ) | |

### Memorandum Opinion on Suppression Motion

     This matter is before the Court on Defendant Corey Pollard's Motion to Suppress Evidence.  ECF No. 263.  The Government has filed a Response to the Motion, to which Mr. Pollard has filed a Reply.  ECF Nos. 266, 269.  An initial suppression hearing was held on July 19, 2022, after which the Court partially ruled on the Motion to Suppress Evidence.  ECF No 272.  However, it became clear that witness testimony was needed in order to fully develop the record to address Mr. Pollard's suppression request as to Mr. Pollard's presence in  an allegedly stolen vehicle and the circumstances of that encounter.  Therefore, a second suppression hearing was held on August 24, 2022, at which Detective Jason Jones of the Prince George County Police Department in Maryland testified.

     Mr. Pollard argues that he was unlawfully detained in violation of the Fourth Amendment to the United States Constitution.  Testimony and evidence at the hearing show that Police Officers were told that there was a suspected stolen vehicle in the area, described as a Range Rover, burnt orange in color.  Mr. Pollard was driving a vehicle that matched that description.  Eventually, several Police Officers in vehicles located the vehicle and positioned their cars so that the driver could not easily escape.  With guns drawn and aimed at Mr. Pollard, Officers ordered him out of the car and searched his person.

     The Court finds no Fourth Amendment violation.  To begin, Mr. Pollard was not stopped or investigated based upon a suspected traffic violation.  Rather, the Officers were

acting on reasonable suspicion that criminal activity was occurring based on a contemporaneous report that a specific make and color of a vehicle was a suspected stolen vehicle. Terry v. Ohio, 392 U.S. 1, 30 (1968) (a brief investigatory warrantless search, based on less than probable cause, is permissible under the Fourth Amendment where a police officer has a reasonable, articulable suspicion that criminal activity is afoot). The vehicle Mr. Pollard was driving matched the make and color of the reported suspected stolen vehicle; therefore, reasonable suspicion of criminal activity persisted after the car was stopped. Having found the suspected stolen vehicle, the Officers were then justified in conducting a brief investigatory detention of the driver for public safety reasons. Terry, 392 U.S. at 27, (1968) ("issue is whether a reasonably prudent [Officer] in the circumstances would be warranted in the belief that his safety or that of others was in danger"). In this particular case, for the safety of the public and the Officers, the Officers were entitled to remove Mr. Pollard from the vehicle in the manner they did and conduct a search of his person. United States v. Moorefield, 111 F.3d 10, 12 (3d Cir. 1997) ("police officer may order the driver of a lawfully stopped car to exit the vehicle") (citing Pennsylvania v. Mimms, 434 U.S. 106 (1977)). Viewing the events under the totality of the circumstances, the Court concludes that there was no Fourth Amendment violation.

     Accordingly, this 25th day of August 2022, Mr. Pollard's Motion to Suppress Evidence is DENIED.

*[signature: Marilyn J. Horan]*
MARILYN J. HORAN
United States District Judge