IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 20-29 |
| ) | |
| COREY POLLARD  ) | |

# ORDER

Presently before the Court is Corey Pollard's Motion to Modify Conditions of Release, in which Mr. Pollard requests removal of pretrial supervision conditions that require location monitoring and home detention. ECF No. 296. The government has filed a Response, to which Mr. Pollard has filed a Reply. ECF Nos. 300 and 306. Mr. Pollard argues that the record fails to show, with evidence, that he is a flight risk or a danger to the community. He further argues that the above conditions are imposed in violation of the constitution and relevant statutory sections of 18 U.S.C. § 3142. In particular, Mr. Pollard argues that Judge Joy Flowers Conti failed to make the required factual determinations that Mr. Pollard is a flight risk or danger to the community, before imposing conditions of release. See ECF No. 87.

Judge Conti imposed conditions of pretrial release on Mr. Pollard after considering a Request for Review of Detention Status filed by Mr. Pollard's then-attorney. ECF No. 79. Attached to the Request for Review was the 46-page transcript of the May 21, 2020 detention hearing before Magistrate Judge Maureen P. Kelly. ECF No. 79-1. Mr. Pollard requested that Judge Conti review the transcript and then permit argument. ECF No. 79 at ¶ 5. Judge Conti's review of Judge Kelly's detention order was de novo. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). De novo review, however, does not require that the court

hold an independent evidentiary hearing; the court may also incorporate the transcript of the detention proceeding before the magistrate judge, including any admitted exhibits. United States v. Chagra, 850 F.Supp. 354, 357 (W.D. Pa.1994).

At the detention hearing, Special Agent Ryan Melder of the FBI appeared as a witness for the government. The government introduced ten exhibits, and Mr. Pollard's attorney introduced three exhibits. During argument, Mr. Pollard's attorney presented argument specifically addressing the risk of flight and danger to the community. During argument, counsel for Mr. Pollard suggested that there were conditions of release that would reasonably assure the safety of the community and Mr. Pollard's appearance as required. ECF No. 79-1, at 35-37, 41. Conditions specifically identified were "24/7 house arrest," "home detention," and "home incarceration with electronic monitoring." Id. The government presented its evidence and argued against releasing Mr. Pollard on conditions. Judge Kelly determined that Mr. Pollard was a flight risk and a danger to the community because there were no conditions or combination of conditions that would reasonably assure Mr. Pollard's appearance as required or reasonably assure the safety of the community. Id. at 45. Thus, contrary to Mr. Pollard's argument, the record does show, with evidence, that he is a flight risk and a danger to the community.

Judge Conti was permitted to rely on the evidence and arguments introduced at the detention hearing in arriving at her decision as to whether to release Mr. Pollard on conditions. Based on the court's de novo review, Judge Conti decided that, despite the facts and evidence in support of Judge Kelly's determination that he was a flight risk and danger to the community, Mr. Pollard could be released, but only with location monitoring and home detention conditions. There is no error, factual, constitutional, or statutory in Judge Conti's

Order setting conditions of release.  The Court finds that Mr. Pollard's current conditions pf pretrial supervision are appropriate and will not be modified.

    Accordingly, this 16th day of February 2023, Corey P. Pollard's Motion to Modify Conditions of Release (ECF No. 296) is denied, without prejudice.

                                                 *s/Marilyn J. Horan*
                                                 Marilyn J. Horan
                                                 United States District Judge