## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  20-29 |
| | ) | |
| COREY POLLARD | ) | |

### Opinion and Order on Pretrial Motions

Presently before the Court are the following pretrial motions filed, by Defendant Corey Pollard:

1) Motion in Limine to exclude certain evidence (ECF No. 282);

2) Motion for a Bill of Particulars (ECF No. 283);

3) Motion to Dismiss Count 2 for Lack of Evidence (ECF No. 284);

4) Motion for Separate Trials on Count 1 and Count 2 (ECF No. 285);

5) Motion to Suppress (ECF No. 286);

6) Motion to Dismiss (ECF No. 298); and

7) Motion to Dismiss for Speedy Trial Violation (ECF No. 317).

The government has filed Responses to all of Mr. Pollard's Motions (ECF Nos. 289, 291, 307, & 324).  Mr. Pollard also filed a Reply to the government's Response to his Motion to Dismiss for Speedy Trial Violation.  ECF No. 326.  An evidentiary hearing concerning Mr. Pollard's Motion to Dismiss, filed at Document No. 298, was held on April 26, 2023.  ECF No. 327.  Each Motion is addressed below.

### I.   Motion in Limine to Exclude Evidence (ECF No. 282)

In Mr. Pollard's Motion in Limine, he seeks an Order excluding any evidence the government may seek to admit under Federal Rule of Evidence 404(b), and he seeks the exclusion of a variety of non-404(b) evidence.  Mr. Pollard also argues that exclusion of other evidence is warranted because of lack of authentication and because of the risk of unfair prejudice.

### A.      Motion to Exclude 404(b) Evidence

Mr. Pollard's Motion to preclude the government from introducing any Rule 404(b) evidence is premature.  Federal Rule of Evidence 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence.  Mr. Pollard argues that the government failed to provide notice of any Rule 404(b) evidence; and therefore, if the government intends to introduce such evidence, it should be excluded.  Rule 404(b)(3)'s notice requirements provide as follows:

> **(3)  Notice in a Criminal Case**.  In a criminal case the prosecutor must:
>
> **(A)**  provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)**  articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)**  do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution."  *United States v. Johnson*, 218 F. Supp. 3d 454, 462

(W.D. Pa. 2016).  In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial.  *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).  Thus, to determine when disclosure should occur depends on "the circumstances and complexity of the prosecution."  *Johnson*, 218 F. Supp. 3d at 462).

The government states that it is aware of its obligations under Rule 404(b) and that it will provide notice of any Rule 404(b) information it intends to introduce at trial, three weeks before the trial date.  The Court finds that disclosure three weeks prior to trial is sufficient to provide Mr. Pollard with time to review and challenge such evidence, if necessary.  Having found that the government has not violated its obligation to provide reasonable notice of Rule 404(b) information, Mr. Pollard's Moton to exclude Rule 404(b) evidence is DENIED, as premature.

### B.      Motion to Exclude Non-404(b) Evidence

Mr. Pollard also moves to exclude video surveillance and still photos from a Sheetz gas station; video surveillance and still photos from a Car Right Dealership; photographs, video, audio and any mention of Mr. Pollard's January 21, 2020 arrest; any and all LPR Reader evidence and testimony pertaining thereto; video surveillance from Enterprise Rent-A-Car and/or expert testimony regarding the same; any mention of an Audi SUV vehicle registered to Enterprise Rent-A-Car; and any mention that a Maserati, seen at a shopping center in Delaware, belongs to Mr. Pollard.  Mr. Pollard argues that exclusion of such

evidence is warranted because it has not been authenticated, it is otherwise inadmissible, and/or it is unfairly prejudicial under Federal Rule of Evidence 403.

### 1.   Authentication and Admissibility

Mr. Pollard argues that the identified evidence must be excluded, because such evidence has not been authenticated by the government.  He argues that other evidence should be excluded for the additional reasons that such evidence is unreliable and demonstrates inconsistency.  For example, Mr. Pollard argues that LPR Reader evidence should be excluded as hearsay, and because it has been shown to be inconsistent and unreliable.

Mr. Pollard's authentication arguments are premature, because the government is not yet required to authenticate its evidence.  "The government's 'burden of proof for authentication is slight. All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what the proponent claims it to be.'"  *United States v. Mebrtatu*, 543 F. App'x 137, 140 (3d Cir. 2013) (quoting *United States v. Reilly*, 33 F.3d 1396, 1425 (3d Cir. 1994).  At trial, "there need be only a prima facie showing, to the court, of authenticity, not a full argument on admissibility."  *Reilly*, 33 F.3d at 1404.  "Once a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not the court."  *Id.* ("The only requirement is that there has been substantial evidence from which they could infer that the document was authentic").  As to timing, "evidence need not be authenticated before the trial has begun."  *United States v. Patton*, No. 2:19-CR-8, 2022 WL 446394, at *1 (W.D. Pa. Feb. 14, 2022).  Accordingly, it is premature to resolve Mr. Pollard's challenge to authenticity of government

evidence at this stage of the proceedings.[1]   Mr. Pollard's  motion in limine to exclude the

above categories of evidence is DENIED, as premature.

### 2.        Prejudice under Rule 403

Mr. Pollard argues that all of the evidence he seeks to exclude is unfairly prejudicial

under Federal Rule of Evidence 403.  For much of the challenged evidence, Mr. Pollard's

claim of unfair prejudice depends, in part, on his argument that the specified evidence has not

been authenticated.  Mr. Pollard argues that without authentication the jury may be misled

into believing that a person depicted on any of the still images or video images is Mr. Pollard.

For the reasons stated above, it is premature to render a ruling under Rule 403 before

the government has had the opportunity to fully present its evidence in support of

authentication.  Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially
> outweighed by a danger of one or more of the following: unfair prejudice,
> confusing the issues, misleading the jury, undue delay, wasting time, or
> needlessly presenting cumulative evidence.

Fed. R. Evid. 403.  "Evidence is not properly excluded under Rule 403 simply because it is

prejudicial, or detrimental to a party's case."  *United States v. Ollie*, 299 F.R.D. 442, 444

(W.D. Pa. 2014).  As the Third Circuit Court explained:

> Evidence is unfairly prejudicial only if it has "an undue tendency to suggest
> decision on an improper basis, commonly, though not necessarily, an
> emotional one." It is unfairly prejudicial if it "appeals to the jury's sympathies,
> arouses its sense of horror, provokes its instinct to punish," or otherwise "may
> cause a jury to base its decision on something other than the established
> propositions in the case." A classic example of unfair prejudice is a jury's
> conclusion, after hearing a recitation of a defendant's prior criminal record,

---

[1] To the extent Mr. Pollard's arguments for exclusion of evidence can be viewed as a  challenge to the
sufficiency of the evidence, such challenge would also be premature at this stage, as is hereinafter discussed in
more detail in Section III.  *United States v. Vaghari,* No. CRIM.A. 08-693-01-02, 2009 WL 2245097, at *4 (E.D. Pa.
July 27, 2009).

that, since the defendant committed so many other crimes, he must have committed this one too. This is an improper basis of decision, and the law accordingly prohibits introduction of prior convictions to demonstrate a propensity to commit crime.

*Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980).

In opposing the Motion in Limine, the government briefly responds to each category of challenged evidence, arguing there is no unfair prejudice to Mr. Pollard. With respect to still and video images from Sheetz and the still images from Car Right, the government avers that the Sheetz images were captured in both the geographic and temporal proximity to the theft of the vehicles from the Car Right location. The government will introduce evidence that it believes will establish that the person depicted in the images is Mr. Pollard. Ultimately it will be up to the jury to resolve the facts from such evidence. Further, based upon the government's proffer, the Court finds no unfair prejudice at this time.

As to evidence associated with Mr. Pollard's January 21, 2020 arrest, the Court has previously denied Mr. Pollard's motion to suppress such evidence. The government may introduce evidence that is directly related to the offenses charged in this case; such is not unfairly prejudicial. The evidence of the police car chase for a stolen vehicle that Mr. Pollard was driving and which ended with his arrest, is not unfairly prejudicial.

Similarly, introduction of the LPR Reader evidence does not unfairly prejudice Mr. Pollard. The government argues that the LPR Reader will provide evidence to support that a vehicle associated with Mr. Pollard was nearby one of the places where the car thefts occurred. Such evidence is relevant and probative. At this time, this Court cannot say that Mr. Pollard would suffer unfair prejudice by permitting introduction of such evidence. Mr. Pollard avers that the LPR Reader evidence is unreliable; and if appropriate, he may make that

argument to the jury.  That is to say, Mr. Pollard's argument about the LPR Reader evidence concerns the weight of the evidence, not its admissibility.

Finally, evidence related to the Audi SUV, allegedly rented by Mr. Pollard from Enterprise-Rent-A-Car, and evidence related to the Maserati, which is similar to the Maserati Mr. Pollard owns and which was located in a Delaware shopping center, is highly probative and will be admitted.  The government intends to show that Mr. Pollard rented the Audi on the night of the theft and returned the Audi to Enterprise-Rent-A-Car.  With respect to the Maserati, the government intends to show that a Maserati, similar to one owned by Mr. Pollard, was seen in a shopping center around the time of one of the thefts.  Such evidence is highly probative and does not raise the danger of unfair prejudice.  The Court concludes that there is no unfair prejudice from the introduction of such evidence related to the Audi and Maserati.

Accordingly, Mr. Pollard's Motion in Limine to exclude evidence, as prejudicial under Rule 403, is DENIED.[2]

## II.  Motion for a Bill of Particulars (ECF No. 283)

Mr. Pollard seeks a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

---

[2] Mr. Pollard filed a Response to the Government's Response to his Motion in Limine.  ECF No. 291.  Mr. Pollard's arguments therein are premature in that he attacks the weight of the evidence, the manner in which the government will authenticate its evidence, and the unreliability of the evidence.  Once the government has decided upon the evidence it intends to introduce at trial, challenges to such evidence may be made just prior to, or during, trial.

Fed. R. Crim. P. 7(f).  A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'"  *United States v. Urban*, 404 F.3d 754, 771-772 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)).  "The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir.1972).  "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,' will we find that a bill of particulars should have been issued."  *Urban*, 404 F.3d at 771-772 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989) (citing *Addonizio*, 451 F.2d at 62-63)).

For a conspiracy charge, the United States Court of Appeals for the Third Circuit "has held that a defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses."  *United States v. Cardillo*, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (citing *United States v. Di Pasquale*, 740 F.2d 1282, 1294 (3d Cir.1984) (other citations omitted).  A "request for the 'when, where and how' of any overt acts not alleged in the indictment is "tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f)."  *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.1975) (quoting *Addonizio*, 451 F.2d at 64).  A "bill of particulars is not a discovery tool by which defendants obtain disclosure of every

detail of the theory and preparation of the Government's case."  *Cardillo*, 2015 WL 3409324, at *5.

Mr. Pollard is charged, in Count 1, along with his two codefendants, with conspiracy to commit offenses against the United States; namely, Interstate Transportation of Stolen Motor Vehicles, in violation of 18 U.S.C. § 2312, and Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314, all in violation of 18 U.S.C. § 371.  The time frame of the conspiracy is alleged to be from on or about November 2019 to on or about January 21, 2020.  Count 1 also states the "Manner and Means" of the conspiracy and provides an extensive description of certain overt acts.  The descriptions of the overt acts provide specific dates and locations where the events occurred, the specific property alleged to have been stolen, and a description of the  alleged criminal acts committed in furtherance of the conspiracy.

With respect to the alleged conspiracy charged in Count 1, Mr. Pollard requests a bill of particulars that identifies the dates of the earliest statements or events of the conspiracy; the nature of any statements and/or events the government intends to rely on that are not already in the Indictment; and the date and nature of the earliest statements and/or events that allegedly establish when each of the defendants joined the conspiracy.

The allegations of Count 1 are sufficiently worded to give Mr. Pollard notice of the essential facts supporting the alleged criminal conspiracy. The conspiracy charge in Count 1 provides sufficient information regarding the nature of the charge brought against Mr. Pollard, and further, provides sufficient information to permit Mr. Pollard to adequately prepare a defense. *Addonizio*, 451 F.2d at 63-64.  Count 1 alleges a conspiracy lasting from November

24, 2019 to January 21, 2020, among Mr. Pollard, his two co-defendants, and persons known and unknown to the grand jury. The aim of the conspiracy, as stated in Count 1, was to unlawfully transport stolen vehicles and stolen items.  The Manner and Means section and the Overt Acts section of Count 1 provide sufficiently specific and detailed allegations about alleged acts committed by the conspirators.

In Count 2, Mr. Pollard is charged, along with his codefendants, with Interstate Transportation of four different Stolen Motor Vehicles, on or about January 24, 2019.  Each allegedly stolen vehicle is identified and the charge states that the vehicles were stolen from the Western District of Pennsylvania and brought to the State of Maryland.

With respect to Count 2, Mr. Pollard requests a bill of particulars that identifies the nature of any statements and/or events that specifically point to Mr. Pollard as the person who transported or caused to be transported the vehicles identified in Count 2.

Count 2 also provides sufficient information to permit Mr. Pollard to adequately prepare a defense, protect against double jeopardy, and to avoid unfair surprise at trial.  As noted, Count 2 states the date of the alleged offense, the items stolen, where they were stolen from, and where they were transported to.  With respect to both Count 1 and Count 2, Mr. Pollard requests a bill of particulars to specify the nature of any statements and/or events related to both Counts.   Mr. Pollard's  request is equivalent to a discovery request, "which is not the purpose of a bill of particulars." *Armocida*, 515 F.2d at 54.

In addition, the government has provided a significant amount of Rule 16 discovery materials, as well as information provided through evidentiary hearings. The information provided by the government adds significant and specific detail to the conspiracy charge in

the Indictment. The information Mr. Pollard possesses is sufficiently clear to enable him to

adequately prepare a defense, protect against double jeopardy, and to avoid unfair surprise at

trial. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972) ("motion seeking a bill of

particulars is properly denied where the record as a whole demonstrates that ample

opportunity exists for adequate preparation of the defense"). Thus, the Court finds that the

Superseding Indictment, as supplemented by the government's discovery material and other

disclosures, informs Mr. Pollard of the charges against him and permits him to adequately

prepare his defense. Accordingly, Mr. Pollard's Motion for a Bill of Particulars is DENIED.

### III.    Motion to Dismiss Count 2 for Lack of Evidence (ECF No. 284)

Count 2 of the Superseding Indictment states:

> On or about November 24, 2019, in the Western District of Pennsylvania, and
> elsewhere, defendants COREY P. POLLARD, KIRK L. PRICE and DENNIS
> HAIRSTON did unlawfully transport and cause to be transported, in interstate
> commerce, from the Western District of Pennsylvania to locations in the State of
> Maryland, stolen motor vehicles, knowing the same to have been stolen, namely:

> (a)  a 2018 Jeep Cherokee Trackhawk, bearing VIN ending in 4414;
> (b)  a 2019 Dodge Ram 1500, bearing VIN ending in 7845;
> (c)  a 2018 Dodge Ram 3500, bearing VIN ending in 6730; and
> (d)  a 2020 Dodge Ram 1500, bearing VIN ending in 5683.

> In violation of Title 18, United States Code, Sections 2 and 2312.

ECF No. 123.  Mr. Pollard argues that the government has failed to produce evidence to prove

the essential elements of Count 2 beyond a reasonable doubt.  Mr. Pollard's challenge to the

sufficiency of the government's evidence is premature.  "A pretrial motion to dismiss for

insufficiency of the evidence is "'not a permissible vehicle for addressing the sufficiency of

the government's evidence.'" *United States v. Gillette*, 738 F.3d. 63, 74 (3d Cir. 2013)

(quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)).  Such challenges are

reserved for trial. *Gillette*, 738 F.3d at 74.  In a criminal case the "government is entitled to marshal and present its evidence *at trial*, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29," after the government has presented its evidence.  *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000) (emphasis added).  Therefore, Mr. Pollard's Motion to Dismiss Count 2 is DENIED, as premature.

**IV.     Motion for Separate Trials on Count 1 and Count 2 (ECF No. 285)**

Mr. Pollard seeks relief from alleged prejudicial joinder of Count 1 and Count 2 for trial.  "Motions to sever are governed by Federal Rule of Criminal Procedure 14, which permits the trial court to grant a defendant's motion for severance if it appears that the defendant will be prejudiced by a joint trial" of offenses or defendants.  *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993).  Federal Rule of Criminal Procedure 14(a) states:

> (a) Relief. If the joinder of offenses  . . . in an indictment,  . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991).  "Mere allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981).  A defendant "must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *Id*.  "Motions for severance rest in the sound discretion of the trial judge." *Id.*

Mr. Pollard argues that the government has not provided sufficient evidence to prove that he is guilty of Count 2, Interstate Transportation of Stolen Property.  He argues that he is prejudiced by joinder, in that a jury, relying on evidence of guilt as to Count 1, may be inclined to unfairly find him guilty of Count 2.

Mr. Pollard's argument, that severance is warranted because the government does not have the evidence to convict him of Count 2, is a premature challenge to the sufficiency of the government's evidence.  Thus, his argument, that he would be prejudiced by a trial on both offenses, rests on his assumption about the weight and sufficiency of the government's evidence to establish his guilt as to Count 2.  The government's current evidence does not indicate that Mr. Pollard would be prejudiced by joinder of the offenses.   Accordingly, severance of Count 1 from Count 2, such that each would be prosecuted in a separate trial for Mr. Pollard, is not warranted.  Additionally, the Court notes that preparing for and going to trial on each Count of the indictment at two different times does not promote efficiency.  Two jury pools must be called, two juries must be selected, and there will, no doubt, be duplication of evidence and witnesses.   Mr. Pollard's Motion for Separate Trials on Count 1 and Count 2 is DENIED.

**V.      Motion to Suppress (ECF No. 286)**

Mr. Pollard has filed a "Motion to Suppress," seeking suppression of evidence obtained from the execution of a search warrant for a cell phone.  His first argument is that the evidence must be suppressed, because chain of custody errors have resulted in the government being unable to show with reasonable certainty that the evidence has not been tampered with or replaced.  Mr. Pollard also seeks to suppress the search warrant on the grounds that rules of

procedure were not strictly followed, and because the search warrant was facially invalid for failing to identify the things to be seized.

Mr. Pollard's arguments, attacking the chain of custody, are premature challenges to the authenticity of the evidence. As previously discussed, the government has the slight burden of establishing that evidence is in fact what the government says it is. *Mebrtatu*, 543 F. App'x at 140. The government need not present a "complete and exclusive" chain of custody to meet its prima facie burden of authentication. *Reilly*, 33 F.3d at 1404 ("there need be only a prima facie showing, to the court, of authenticity, not a full argument on admissibility"). Then, the ultimate determination as to whether the evidence is authentic is for the jury. *Id.* Therefore, Mr. Pollard's arguments about authentication and chain of custody errors lack merit, and suppression is not warranted.

Mr. Pollard next argues that suppression is warranted because the search warrant and accompanying documents were incomplete due to law enforcement officers failure to adhere to applicable rules of procedure. Such an argument is not a proper ground for suppression. *United States v. Hall*, 505 F.2d 961, 963-64 (3d Cir. 1974). "The federal criminal rules are not constitutional imperatives.... They are procedural only." *United States v. Wecht*, 541 F.3d 493, 504 (3d Cir. 2008). A violation of the Rules, or irregularity in an officer's inventory procedure, is not constitutionally significant under the Fourth Amendment." *Id.* (citing *Hall*, 505 F.2d at 963). Absent a showing of prejudice, suppression of evidence obtained from the search is not warranted.

Finally, Mr. Pollard argues that the search warrant is facially invalid for failing to identify the things to be seized. A review of the Search and Seizure Warrant demonstrates

14

that it properly identifies the things to be seized.  ECF No. 289-1.  Attachment 'A' to the

Warrant identifies the specific Verizon cellular telephone number as the property to be seized.

ECF No. 289-1 at 3.  Attachment 'A' states that the "warrant applies to records and

information associated with the" identified Verizon cellular telephone.  *Id.*  Attachment 'B'

sets forth a detailed list of the "Particular Things to be Seized," and includes a variety of

information to be disclosed by the Provider (Verizon).  *Id.* at 4-5.  Because the Search

Warrant identifies the things to be seized, suppression of evidence is not warranted.

   Mr. Pollard's Motion to Suppress Evidence is DENIED.

**VI. Motion to Dismiss Evidence (ECF No. 298)**

   Mr. Pollard has filed a Motion to Dismiss the Indictment with respect to his January

21, 2020 arrest.  He argues that the government engaged in misconduct and violated his

Constitutional rights, including his Fourth and Sixth Amendment rights, by not disclosing a

complete copy of the dispatch communications recording of the events leading up to his

arrest.  The Court previously ruled on Mr. Pollard's Motion to Suppress Evidence, wherein he

argued that he was unlawfully detained on January 21, 2020 in violation of the Fourth

Amendment.  A suppression hearing was held July 19, 2022, which was followed by a second

suppression hearing on August 24, 2022.  Detective Jason Jones of the Prince George County

Police Department in Maryland testified at the August 24, 2022.  Following said hearings, this

Court issued an Opinion denying the Motion, stating as follows:

> Testimony and evidence at the hearing show that Police Officers were told
> that there was a suspected stolen vehicle in the area, described as a Range Rover,
> burnt orange in color.  Mr. Pollard was driving a vehicle that matched that description.
> Eventually, several Police Officers in vehicles located the vehicle and positioned their
> cars so that the driver could not easily escape.  With guns drawn and aimed at Mr.
> Pollard, Officers ordered him out of the car and searched his person.

The Court finds no Fourth Amendment violation.  To begin, Mr. Pollard was not stopped or investigated based upon a suspected traffic violation.  Rather, the Officers were acting on reasonable suspicion that criminal activity was occurring based on a contemporaneous report that a specific make and color of a vehicle was a suspected stolen vehicle.  *Terry v. Ohio*, 392 U.S. 1, 30 (1968) (a brief investigatory warrantless search, based on less than probable cause, is permissible under the Fourth Amendment where a police officer has a reasonable, articulable suspicion that criminal activity is afoot).  The vehicle Mr. Pollard was driving matched the make and color of the reported suspected stolen vehicle; therefore, reasonable suspicion of criminal activity persisted after the car was stopped.  Having found the suspected stolen vehicle, the Officers were then justified in conducting a brief investigatory detention of the driver for public safety reasons.  *Terry*, 392 U.S. at 27, (1968) ("issue is whether a reasonably prudent [Officer] in the circumstances would be warranted in the belief that his safety or that of others was in danger").  In this particular case, for the safety of the public and the Officers, the Officers were entitled to remove Mr. Pollard from the vehicle in the manner they did and conduct a search of his person.  *United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997) ("police officer may order the driver of a lawfully stopped car to exit the vehicle") (citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977)).  Viewing the events under the totality of the circumstances, the Court concludes that there was no Fourth Amendment violation.

Mem. Op. on Supp. Mot., Aug. 25. 2022.

In his present Motion, Mr. Pollard first argues that the information provided by the missing dispatch communications demonstrates a conspiracy to effectuate an unlawful warrantless arrest warrant followed by an unlawful detention of Mr. Pollard.  ECF No. 298, at 4, 5.  Mr. Pollard appears to ground his argument upon his belief that, under the circumstances that existed on January 21, 2020, law enforcement officers were not permitted to arrest him without first obtaining an arrest warrant.  As can be seen from the Court's prior Opinion addressing Mr. Pollard's Motion to Suppress Evidence, the Court found that the warrantless arrest of Mr. Pollard was not unconstitutional.  Having heard the additional ten to fifteen minutes of dispatch communications that occurred prior to Mr. Pollard's arrest, the Court concludes that such communications only reinforce that law enforcement officers were acting on reliable information that a suspected stolen vehicle, described as a Range Rover, burnt orange in color, was in the area.  There is simply no Fourth Amendment violation here.

16

Next, Mr. Pollard argues that his Sixth Amendment rights were violated by the government's decision to call certain law enforcement officers to testify about the January 21, 2020 arrest, but that the government did not call the arresting officer.  Mr. Pollard argues that the absence of the arresting officer at any of the hearings was a denial of his right to confront his accuser.

Based upon suspicion that Mr. Pollard was driving a stolen car, many law enforcement officers from several jurisdictions were involved in searching for Mr. Pollard and the reported stolen burnt orange SUV.  The officers communicated with one another to develop an evolving and contemporaneous plan as to how to stop the vehicle and apprehend Mr. Pollard. Mr. Pollard's resulting formal arrest does not appear to rest upon the judgment of any single officer.   Instead, a group of law enforcement officers were searching for a particular suspected stolen vehicle, which if found, was likely to lead to an arrest.  Thus, it is not clear that Mr. Pollard was denied any constitutional right to confront any accuser at his suppression hearing, given the number of law enforcement officers at the scene of the arrest.

Regardless of the legality of the execution of Mr. Pollard's arrest, his Constitutional Confrontation Clause rights were not violated, because the relevant evidence was introduced at a suppression hearing and not at trial.  The "Supreme Court has never suggested [] that the Confrontation Clause applies during a pre-trial suppression hearing."  *United States v. Robinson*, 663 F. App'x 215, 218 (3d Cir. 2016) (citing *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004); *United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."); and *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to

17

confrontation is basically a trial right.").   The United States Court of Appeals for the Third

Circuit has noted that "at least one court has explicitly rejected the notion of confrontation

rights at a suppression hearing." *Robinson*, 663 F. App'x 218 (citing *Ebert v. Gaetz*, 610 F.3d

404, 414 (7th Cir. 2010).   In general, "the right of confrontation 'pertains only to adverse

witnesses offering testimony at trial.'"   *United States v. Brooks*, 341 F. Supp. 3d 566, 604

(W.D. Pa. 2018) (quoting *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir.

2007), and citing *United States v. Boyce*, 797 F.2d 691, 693 (8th Cir. 1986) (explaining "the

right of confrontation does not apply to the same extent at pretrial suppression hearings as it

does at trial").   Therefore, the Court concludes that Mr. Pollard's Sixth Amendment

Confrontation right was not violated.

Finally, Mr. Pollard asserts that his Sixth Amendment rights were violated by the

government's failure to provide the entire recording of the dispatch communications from

January 21, 2020, in response to his first request.   He also argues that the late delivery of the

full recording is a violation  of *Brady v. Maryland*, 373 U.S. 83 (1963).

The government requested the police recordings prior to the first evidentiary hearing.

Unbeknownst to the government, the recording provided in response to the government's

request was not complete.   The full recording was later provided to Mr. Pollard.   The

government's obligation to disclose *Brady* exculpatory evidence requires that such evidence is

produced to the defense  "in time for its effective use at trial."   *United States v. Higgs*, 713

F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed to

[defendants] in time for its effective use at trial").   Here, Mr. Pollard has received the full

recording well in advance of trial.  There is no Sixth Amendment violation, and there is no *Brady* violation.

Having reviewed the pleadings related to the present Motion to Dismiss Evidence, the pleadings related to the prior Motion to Suppress Evidence, and the hearings held before the Court on these matters, the Motion to Dismiss Evidence is DENIED.

**VII.   Motion to Dismiss for Speedy Trial Violation (ECF No. 317)**

Mr. Pollard contends that his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, has been violated.  After review of the pleadings and the relevant filings implicating the Speedy Trial Act, the Court finds no violation.

*Extensions of Time to File Pretrial Motions*

In early February 2020, Mr. Pollard was arrested in the District of Maryland based upon the charges in the present case.  *See* Rule 5(c)(3) Docs, ECF No. 11.  Mr. Pollard was transferred to the Western District of Pennsylvania and had his initial appearance and arraignment on February 13, 2020, which started the speedy trial clock.  ECF Nos. 17, 21; 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an [] indictment with the commission of an offense shall commence within seventy days. . . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending").  On February 13, 2020, counsel for Mr. Pollard made an oral motion for an extension of time to file pretrial motions, which was granted, resulting in excludable delay through March 31, 2020.  ECF Nos. 22, 23; 18 U.S.C. § 3161(h)(7)(A).

No pretrial motions were filed by March 31, 2020.  On April 9, 2020, the Court granted Mr. Pollard's motion for an extension of time to file pretrial motions, resulting in excludable delay from April 9, 2020 through June 30, 2020.  ECF Nos. 54, 55.  With reference solely to Mr.

Pollard, and not considering his codefendants, the eight days from April 1, 2020 through April 8, 2020 would not be excludable.

On June 8, 2020, Randall McKinney, Esq. entered his appearance on behalf of Mr. Pollard, prompting his then current counsel Steven Townsend, Esq. to file a Motion to Withdraw. ECF Nos. 75, 76.  Mr. McKinney moved for an extension of time to file pretrial motions, which was granted, resulting in excludable delay from June 30, 2020 to September 28, 2020.  ECF Nos. 82, 83.  Another motion to extend time for pretrial motions was granted, which resulted in excludable delay from September 28, 2020 through December 27, 2020.  ECF Nos. 90, 91. Thereafter, eight extensions of time to file pretrial motions were requested by counsel for Mr. Pollard, or by Mr. Pollard representing himself, resulting in excludable delay from December 27, 2020 through September 6, 2022.  ECF Nos. 96, 97, 103, 104, 120, 147, 173, 174, 187, 190, 216, 217, 232, 235, 261, & 268.  *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) ("[a]ny pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of the Speedy Trial Act.)

### *Competency Evaluation*

Within the above time frame, Mr. McKinney withdrew as counsel for Mr. Pollard and Stephen Capone, Esq. was appointed to represent Mr. Pollard.  ECF Nos. 107, Minute Entry, May 14, 2021.  In July 2021, Mr. Pollard asked to represent himself and Mr. Capone sought to withdraw his representation.  Questions concerning Mr. Pollard's representation eventually led the Court to order Mr. Pollard to undergo a competency evaluation.  Order, July 20, 2021, ECF No. 158.  The Court appointed a second attorney, "for the purpose of addressing [Mr. Pollard's] motion to proceed pro se, his counsel's motion to withdraw, and reconsideration of the court's order for a competency hearing and evaluation."  Minute Entry, Aug. 5, 2021; Order, Aug. 9,

2021, ECF No. 165.

Mr. Pollard sought to amend and correct the Order for a Competency Evaluation and the Court Amended the Order twice.  On October 18, 2021, the Court issued an Amended and Restated Order.  ECF No. 184.  Ten days later the Court issued an Order modifying the Amended Order to add a paragraph.  ECF No. 191.  On November 17, 2021, the Court found Mr. Pollard competent to stand trial and competent to represent himself.   Minute Entry, Nov. 7, 2021.  The time period resulting from a proceeding to determine mental competency is excludable time.  18 U.S.C. § 3161(h)(1)(A).  Accordingly, the time period from July 20, 2021 through November 17, 2021 is excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(A), as such time is due to a proceeding to determine Mr. Pollard's mental competency.

*Pretrial Motions*

On March 3, 2022, Mr. Pollard filed a Motion to disclose grand jury proceedings, which the Court resolved on March 21, 2022.  ECF Nos. 234, 241.  In early June, 2022, Mr. Pollard filed a Motion to Suppress and a Motion seeking Jencks, *Brady*, and other discovery materials.  ECF Nos. 260, 263.  Briefing on the Motion to Suppress was complete on July 6, 2022.  A hearing on the Motion was held on July 19, 2022.  At the close of the hearing the Court issued partial rulings and reserved ruling on issues that required additional evidence.  ECF No. 271, 272.  The suppression hearing resumed on August 24, 2022.  ECF No. 280.  A decision on the Motion to Suppress was filed on August 25, 2022.  ECF No. 281.

On September 6, 2022, Mr. Pollard filed five additional pretrial motions.  ECF Nos. 282-286.  On January 17, 2023, Mr. Pollard filed a Motion to Dismiss.  ECF No. 298.  The Court determined that an evidentiary hearing was necessary to resolve said Motion.  ECF No. 308.  A hearing was set for March 28, 2023, which, at the request of Mr. Pollard, was continued to April

21

26, 2023.  ECF Nos. 315, 322.  The motions referred to in this paragraph have been resolved as of

the date of filing of this Opinion.  On March 22, 2023, Mr. Pollard filed the present Motion to

Dismiss, based upon Sixth Amendment and Speedy Trial violations.  ECF No. 317.  Briefing on

said Motion was completed on April 18, 2023.  ECF Nos. 324 (Govt. Resp.) & 326 (Def. Reply).

The "filing of a pretrial motion tolls the running of the 70–day period." *United States v.*

*Willaman*, 437 F.3d 354, 359 (3d Cir. 2006) (concluding that the running of the 70–day clock was

tolled from the date of filing of pretrial motions, until when the court decided said motions).

Therefore, all of Mr. Pollard's pretrial Motions have resulted in excludable delay, up through the

date of this Opinion, pursuant to 18 U.S.C. § 3161(h)(1)(D).

### Speedy Trial Clock

Considering excludable delay attributable solely to Mr. Pollard, but for extensions

obtained by codefendants, the Court calculates that eight days would have run on Mr. Pollard's

70-day speedy trial clock.  Of course, because Mr. Pollard is joined for trial with two

codefendants, and because codefendant Kirk Price has been granted extensions of time to file

pretrial motions, the speedy trial clock has been stopped from running for all codefendants.[3]  18

U.S.C. § 3161(h)(6).  Mr. Price's latest deadline for filing pretrial motions is May 20, 2023.  ECF

No. 320.  Thus, the Court finds that there is no violation of Mr. Pollard's speedy trial or Sixth

Amendment rights.  Accordingly, Mr. Pollard's Motion to Dismiss is DENIED.

---

[3] Mr. Pollard appears to take issue with the legitimacy of Kirk Price's extensions of time for speedy trial purposes.   The Court finds that Kirk Price's motions for extension of time are legitimate and excludable.

## VIII.  Conclusion

As explained in the body of the Opinion, the resolution of Mr. Pollard's Motions are as follows:

I.      The Motion in Limine (ECF No. 282) is DENIED, as premature with respect to Rule 404(b) evidence.  The Motion is DENIED, without prejudice, as to authentication of evidence.  The Motion is DENIED, insofar as it requests exclusion of evidence as prejudicial under Rule 403.

II.     The Motion for a Bill of Particulars (ECF No. 283) is DENIED.

III.    The Motion to Dismiss Count 2 for Lack of Evidence (ECF No. 284) is DENIED, as premature.

IV.     The Motion for Separate Trials on Count 1 and Count 2 (ECF No. 285) is DENIED.

V.      The Motion to Suppress (ECF No. 286) is DENIED.

VI.     The Motion to Dismiss (ECF No. 298) is DENIED.

VII.    The Motion to Dismiss for Speedy Trial Violation (ECF No. 317) is DENIED.


\      SO ORDERED, this 19th day of May 2023.


                              BY THE COURT:


                              _____
                              MARILYN J. HORAN
                              United States District Judge


23