IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-29 |
| | ) |
| COREY POLLARD | ) |

### Order on Corey Pollard's Motion in Limine

Defendant Corey Pollard, proceeding pro se, has filed a Motion in Limine to exclude the introduction of certain evidence at trial. ECF No. 362. The government has filed its Response to Mr. Pollard's Motion. ECF No. 364.

Mr. Pollard seeks an Order excluding any evidence the government may seek to admit under Federal Rule of Evidence 404(b), and he seeks the exclusion of a variety of non-404(b) evidence. Mr. Pollard also argues that exclusion of other evidence is warranted because of lack of authentication and because of the risk of unfair prejudice.

On May 19, 2023, the Court issued a ruling on Mr. Pollard's first Motion in Limine filed at ECF No. 282, which is practically identical to the present Motion in Limine. Op. and Order (ECF No. 330). At that time, the Court denied the request to exclude Rule 404(b) evidence as premature. *Id.* at 2-3. The government states in its Response that it is not introducing any Rule 404(b) evidence with respect to Mr. Pollard. Accordingly, Mr. Pollard's request to exclude Rule 404(b) evidence is DENIED as moot.

Mr. Pollard also moves to exclude video surveillance and still photos from a Sheetz gas station; video surveillance and still photos from a Car Right Dealership; photographs, video, audio, and any mention of Mr. Pollard's January 21, 2020 arrest; any and all LPR Reader evidence and testimony pertaining thereto; video surveillance from Enterprise Rent-A-Car and/or expert testimony regarding the same; any mention of an Audi SUV vehicle

registered to Enterprise Rent-A-Car; and any mention that a Maserati, seen at a shopping center in Delaware, belongs to Mr. Pollard. Mr. Pollard argues that exclusion of such evidence is warranted because it has not been authenticated, it is otherwise inadmissible, and/or it is unfairly prejudicial under Federal Rule of Evidence 403.

In the Court's May 19, 2023 Opinion and Order, Mr. Pollard's request to exclude the above evidence was denied, without prejudice, as to authentication of evidence. The Court explained, in part, that "'evidence need not be authenticated before the trial has begun.' *United States v. Patton*, No. 2:19-CR-8, 2022 WL 446394, at *1 (W.D. Pa. Feb. 14, 2022)." Op. and Order 4 (ECF No. 330). Mr. Pollard's Motion is in the same procedural posture as his prior Motion. Accordingly, the Motion in Limine is DENIED, without prejudice, as to authentication of evidence.

The Court further denied the Motion insofar as Mr. Pollard requested exclusion of evidence as prejudicial under Rule 403. *Id.* at 5-7. Given that the government is entitled to authenticate its evidence at trial, it remains premature to address a challenge to the authenticity of the government's evidence. Similarly, it is premature to render a ruling under Rule 403 before the government has had the opportunity to fully present its evidence in support of authentication. The Court maintains its prior ruling that there appears to be no unfair prejudice from the introduction of still and video images from Sheetz; still images from Car Right; evidence of the police car chase for an allegedly stolen vehicle that Mr. Pollard was driving, which ended with his arrest; LPR Reader evidence; evidence related to the Audi allegedly rented by Mr. Pollard from Enterprise-Rent-A-Car; and evidence of a Maserati, allegedly similar to a Maserati Mr. Pollard owns. For many of the evidentiary issues raised by

Mr. Pollard, it will be up to the jury to resolve the facts from the evidence. Accordingly, Mr. Pollard's Motion in Limine to exclude evidence, as prejudicial under Rule 403, is DENIED.

SO ORDERED, this 31st day of August 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge