IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-29 |
| | ) | |
| COREY P. POLLARD | ) | |

### MEMORANDUM ORDER

Before the Court is the request of Corey Pollard to be transferred to another facility within his region or, in the alternative, he requests that he be placed in a Residential Reentry Center.[1]  Email from C. Pollard, Sep. 24, 2024, filed as a Motion for Transfer at ECF No. 487. Mr. Pollard's requests will be denied, as the Court is without authority to designate a prisoner's place of confinement.

Mr. Pollard has been placed at FCI Atlanta,  He contends that his placement is in volitation of 18 U.S.C. §§ 3621(b) & 3632(c)(d)(2), in part, because FCI Atlanta is over 700 miles outside Mr. Pollard's home residence.  He also claims that his rights are being violated due to a purported "notation" provided to the Bureau of Prisons (BOP) by the District Court.  Mr. Pollard does not state what the alleged notation says, nor does he provide any evidence to support this claim.

As an initial matter, at sentencing, the Court asked Mr. Pollard's defense counsel if there were any recommendations to be conveyed to the BOP by the Court.  Defense counsel requested that the Court recommend placement at FCI Petersburg, participation in the RDAP program, and HVAC training.  I stated in open court that I would make those recommendation requests to the Bureau of Prisons, but I cautioned Mr. Pollard that my statements to the BOP are

---

[1] Mr. Pollard sent his email request to the Court, the Assistant United States Attorney, and his BOP Case Manager.

recommendations only and that the final decision as to placement and programming will be made by the BOP. The Judgment in this case reflects that I did recommend that Mr. Pollard be placed at FCI Petersburg, that he be permitted to participate in the RDAP program, and that he be permitted to participate in HVAC training programming. Am. Judgment at 2, ECF No. 478.

Section 3621(b) of Title 18 directs that the ultimate placement of a prisoner is committed to the discretion of the BOP. The statute states, in essence, that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, [subject to listed factors], place the prisoner in a facility *as close as practicable* to the prisoner's primary residence, and *to the extent practicable*, in a facility within 500 driving miles of that residence." 18 U.S.C. § 3621(b) (emphasis added). The statute confirms that any recommendation I make to the BOP is but one of several factors the BOP must consider when determining where to place the prisoner. Said factors are: "the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons," *Id.* In addition, the statue specifically states that the BOP's designation decision is "subject to bed availability." *Id*.

The wide discretion committed to the BOP is again confirmed in the statute, as it describes the type of facility the BOP must consider: the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, . . . ." *Id.* Again, in considering an appropriate facility, the BOP must take into consideration:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.*  The final sentence of subsection (b) confirms that placement designations are within the discretion of the BOP, as it states: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."  *Id.*

With respect to prisoner transfers, subsection (b) incorporates the factors the BOP must consider upon making an initial designation:  "The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence."  *Id.*  When a prisoner is transferred, the place of designation remains a matter committed to the discretion of the BOP.

The Court also has no authority to order the BOP to transfer a prisoner to a Residential Reentry Center.  The statute Mr. Pollard refers to is titled, "Development of risk and needs assessment system."  18 U.S.C. § 3632.  The responsibility for administering the system described in this statute is committed to the BOP.  18 U.S.C. § 3632(f).  Likewise, any decisions as to placement under the system are committed to the discretion of the BOP.  18 U.S.C. § 3632(c)("Housing and assignment decisions") & 3632(d)(2)("Transfer to institution closer to release residence").

Accordingly, the following Order is hereby entered.

AND NOW, this 3rd day of October 2024, for the reasons explained above, Mr. Pollard's request to be transferred to another facility is DENIED.

_____
Marilyn J. Horan
United States District Court Judge

Corey Pierre Pollard
Reg. No. 58022-037
FCI ATLANTA
Federal Correctional Institution
P.O. BOX 150160
Atlanta, GA   30315